UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY KENDRICK,

    Plaintiff,

v.                                                     Case No. 8:09-cv-1306-T-17TGW

RICHARD MATHEWS, LINDA MITCHELL,
HILLSBOROUGH COUNTY STATE ATTORNEYS OFFICE,

    Defendants.

## **ORDER**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights, and the "American with Disability Act 'Abuse-Neglect' 42 U.S.C. 12203 Prohibited Retaliation, 42 U.S.C. 1986, Conspiracy, 42 U.S.C. 1997(d) Prohibited Retaliation."

In support of his allegations, he alleges:

(1) Officer Richard Mathews on July 11, 2005 in front of the Labor Ready Labor Pool was given notice that Plaintiff was a disable [sic] person.

(2) Ofc. Mathews slammed Plaintiff against Plaintiff's car and took Plaintiff's car keys to both of Plaintiff's cars and state [sic] he was arresting the Plaintiff for the death of Eric Watson.

(3) Sargent [sic] Linda Mitchell on July 11, 2005 ordered the impoundment of the Plaintiff's car and keys for the death of Eric Watson investigation.

(4) Hillsborough County State Attorneys' Office conspired with Tampa Police Department Official to seize and hold the Plaintiff Kendrick's keys, car and property inside the car "medically prescribed handbrace" for the death investigation of Eric Watson for more than two years.

Plaintiff seeks compensatory and punitive damages.

## Discussion

First, the Court notes that Plaintiff does not allege that during the period of time the car was impounded, he sought to have his "medically prescribed handbrace" returned to him. He does not allege that he ever filed a motion for the return of his personal property. *See Harkless v. State*, 975 So. 2d 437 (Fla. 2d DCA 2007); *Scott v. State*, 922 So. 2d 1024 (Fla. 5th DCA 2006).

Nor does he allege that he was wrongfully arrested. The Department of Corrections database demonstrates that Plaintiff is currently incarcerated in the Florida Department of Corrections for a crime that occurred on July 11, 2005. (Attempted second degree murder and dangerous act, in Thirteenth Judicial Circuit Case no. 050513532). While Plaintiff states that the officer slammed him against his car during the arrest, Plaintiff does not allege that he was injured, and he does not allege that the officer used excessive force. He does not allege any facts to show that the actions of the Defendants violated any of his constitutional rights.

## Standard for Motion To Dismiss

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to

dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Plaintiff has not shown that he can allege any set of facts in support of his claim which would entitle him to relief.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on July 21, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Michael Anthony Kendrick